# Louisville & Nashville Railroad Co. v. Woods.

*Action against Railroad Company by Employé to recover Damages for Personal Injuries.*

1. *Action against railroad company; negligence of engineer; evidence as to omission of duty on the part of the brakeman inadmissible.*—In an action against a railroad company by an employé to recover damages for personal injuries alleged to have been inflicted as the result of the negligence of the engineer in permitting the train upon which the plaintiff was a brakeman to run at an excessive rate of speed, whereby he was thrown from the train and injured, evidence that it was the duty of the rear brakeman on the said train, upon seeing that the train was going at a dangerous rate of speed, to put on brakes, is irrelevant to any issue in the case, and is inadmissible; the negligence of such brakeman not being counted upon.

2. *Same; proof of damage to plaintiff; irrelevant evidence.*—In an action against a railroad company by an employé to recover damages for personal injuries, evidence as to what the plaintiff saved from month to month out of his wages, is inadmissible; the legitimate element of damage in such case being what the plaintiff lost in con-

sequence of the injuries sustained, and what he was receiving at the time of his injuries for his services, irrespective of whether he spent any or all of his earnings.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellee, Cicero Woods, against the appellant, the Louisville & Nashville Railroad Company, to recover damages received by the plaintiff while in the service of the defendant upon one of its trains as a brakeman. The material facts of the case relating to the pleading are substantially the same as they were on the former appeal, as disclosed in the report of the case in 105 Ala. 561, to which special reference is here made.

Upon the examination of the conductor of the train upon which the plaintiff was a brakeman, he was asked the following questions: "Suppose that the brakeman on the rear end of the train sees that the train is going at a dangerous rate of speed, would it not be his duty to set up brakes?" "If the train was running at the rate of forty-five miles an hour down a steep grade at an increasing rate of speed, and there is no effort by the engineer to check or stop this speed, and there is no effort made by the crew to stop its speed, would it not be the brakemen's duty to get to and set up such brakes as they could get to, without being told by the engineer?" The defendant separately excepted to each of these questions, upon the grounds that they called for irrelevant, immaterial and illegal evidence, and because each of them states a hypothetical state of facts not shown by the evidence in this case. The court overruled each of the objections, allowed the qustions to be asked and answered, and to each of these rulings the defendant separately excepted.

The other rulings upon the evidence are sufficiently shown in the opinion. There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOS. G. JONES, for appellant.

SPEAKE & RUSSELL, contra.

[Scott v. Taul.]

McCLELLAN, J.—We adhere to and reaffirm the rulings made on the former appeal in this case to the effect: (1) that counts 2 and 3 added to the complaint by amendment did not constitute a departure from the original complaint; and (2) that said new counts had relation to the filing of the original complaint, and were not barred by the statute of limitations of one year. *L. & N. R. R. Co. v. Woods*, 105 Ala. 561.

The fact that it would have been the duty of the rear brakeman on the train, upon seeing that it was going at a dangerous rate of speed, to set up brakes was obviously not pertinent to any issue before the jury at the trial. The circuit court erred in allowing it to go to the jury.

There was also error in admitting evidence as to what the plaintiff saved from month to month out of his wages. The question here was not what the next of kin lost by plaintiff's death: he was not dead; but what the plaintiff himself lost in consequence of the injuries sustained, and what he was receiving for his services was the legitimate element of damage in this connection, whether he spent all or none of his earnings.

There was no error in any of the other rulings on the admissibility of testimony which are discussed in the brief of appellant's counsel, nor in the action of the court in refusing the instructions to which counsel direct our attention. Such charges are either affirmatively bad as applied to the averments of the complaint and the evidence, or they are argumentative or misleading.

Reversed and remanded.