# Collier *v*. Tennessee Coal, Iron and Railway Co.

## *Damages for Injury to Employe.*

(Decided April 16, 1908. 46 South. 487.)

1. *Master and Servant; Injury to Servant; Superintendent; Relationship; Materiality.*—Under subdivision 2, section 3910, Code 1907, it is not essential to an employer's liability for a negligent injury to the employe that any relation existed at the time of the injury between the servant injured and the alleged negligent superintendent.

2. *Same; Complaint; Sufficiency.*—A complaint which avers that complainant's injury was caused by the negligence of one while in the exercise of superintendence intrusted to him by the master, and that it consisted in allowing work to be performed in a manner dangerous to the employe's safety, whereby a rock was rolled down from a place above plaintiff's place of work, is not demurrable for a failure to make out by allegations of fact negligence on the superintendent's part.

3. *Same.*—If the superintendent of an employer negligently permits work to be done in a manner dangerous to a servant to whom the employer and superintendent owed the duty of using ordinary

care, the employer·becomes liable to the servant for the injury ultimately resulting; the superintendent is bound in the same degree as his employer to conserve the servant's safety and an employer is bound to use reasonable care to know when the work is being performed in a negligent manner to the danger of his servants.

APPEAL from Birmingham City Court. Heard before Hon. H. A. SHARPE.

Personal injury action by Charlie Collier against the Tennessee Coal, Iron & Railroad Company. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed and remanded.

DENSON & DENSON, for appellant. The negligence alleged in the count to which demurrers were sustained was in all respects similar·to those alleged in the 5th count in the case of *Bear Creek Mill Co. v. Parker*, 134 Ala. 296. The demurrers urged against the·complaint were improperly sustained.—*A. G. S. v. Davis*, 119 Ala. 572; *Armstrong v. Montgomery St. Ry. Co.*, 123 Ala. 233; *Cent. of Ga. R. R. Co. v. Foshee*, 125 Ala. 200; *Bessemer L. & I. Co. v. Campbell*, 112 Ala. 56; *Ga. Pac. Ry. Co. v. Davis*, 92 Ala. 307; *Langhram v. Brewer*, 113 Ala. 509; *Robinson Mining Co. v. Colbert*, 132 Ala. 466.

PERCY & BENNERS, for appellee. If the pleader undertakes to set out facts constituting negligence, those facts must show negligence.—*Decatur Car Wheels Works v. Mehaffey*, 128 Ala. 242.

McCLELLAN, J.—The appeal is from a judgment sustaining a demurrer to the complaint. It contains only one count, and after alleging in the usual way the existence· of the relation of master and servant at the time of the injury, and that at that time he was engaged in the active performance of the duties of his employment, the negligence relied on is thus charged: "Plain-

tiff avers said injury to have been proximately caused by reason of the negligence of Pampley, a person in the service or employment of the defendant, who had superintendence intrusted to him, whilst in the exercise of such superintendence, which negligence consisted in this: The said Prampley negligently allowed work of the defendant to be performed in a manner dangerous to the safety of the plaintiff, whereby a rock was rolled down from a place above where plaintiff was at work, injuring  *  *  *  him." This count avers the relation existing when the injury was inflicted, that injury did result to the plaintiff, and that the proximate cause therefor was the negligence of a superintendent of the defendant whilst in the exercise of such superintendence. Unquestionably such averments set forth the duty and the breach of it by one for whose negligence the defendant is responsible under the very letter of subdivision 2 of the liability act (Civ. Code 1907, p. 595, § 3910, subd. 2). Under this subdivision of the act it is not essential that any relation existed at the time of the injury between the party injured and the alleged negligent superintendent. In *K. C. M. & B. R. R. v. Burton,* 97 Ala. 246, 12 South. 88, it is said: "Under subdivision 2, it is manifest, we think, the liability of the defendant is in no sense dependent upon the relations existing in the service between the negligent and the injured person. If the former has superintendence intrusted to him, and is negligent in the exercise of it, to the injury of any servant or employe in the service or business of the master, whatever be the relation inter se of the servants, the master is made liable thereof by the very terms of the statute."—2 Labatt's Master & Servant, §§ 679-737.

Counsel insist that the count undertakes to aver the facts constituting the negligence complained of, and

since that is essayed the count is demurrable in its failure to make out, by allegations of fact, a case of negligence on the part of Pampley. We do not so construe the count. The gravamen of the count is that the superintendent, while so engaged, negligently allowed work of the master to be performed in a manner dangerous to the safety of plaintiff. Clearly the quo modo resulting in injury is not thereby attempted to be set forth; and the succeeding averment, describing the effect of the asserted negligence of the superintendent, is no more than the allegation of the consequence, including the agency producing it, of the negligence charged. The rock was rolled down, inflicting the alleged injury, and the cause thereof was the generally expressed negligence of the vice principal, Pampley. If the work of the defendant was allowed by the superintendent to be done in a manner dangerous to plaintiff, to whom the defendant and its superintendent owed the duty of reasonable care growing out of the relation existing between the plaintiff and the defendant and the method employed by the superintendent was negligent in respect of the safety of the servant—plaintiff— the duty enjoined was breached, and for an injury proximately resulting therefrom liability attached. This must necessarily follow, since, upon the vice principal— the superintendent—there rested the duty to conserve the safety of servants of the master to the same degree as that duty was upon the master; and, if the safety of the servant was negligently permitted to be endangered by the superintendent, the master is responsible for the consequences. It was his duty to exercise reasonable care to know whether work was being performed in a negligent manner to the endangering of the safety of the servant.—1 Labatt, § 14.

[Warrior Mfg. Co. v. Jones.]

We therefore think that the demurrer was erroneously sustained, and hence reverse the judgment, and remand the cause.

Reversed and remanded.

TYSON, C. J., and ANDERSON, J., concur.

DOWDELL, J.—I concur in the judgment of reversal upon the ground that the complaint was not subject to the grounds specified in the demurrer, but am not ready to commit myself to all that is said as to the sufficiency of the complaint.