# Alabama Great Southern Railway Co. *v.* Choate.

## *Injury to Servant.*

(Decided December 18, 1913. 64 South. 78.)

1. *Master and Servant; Injury to Servant; Complaint.*—In an ac-
tion by a car repairer for injuries, a complaint stating that defend-
ant was operating a railroad and employed plaintiff as a car repairer,
and that while engaged in the duties of his employment, plaintiff
was injured by the negligence of defendant's superintendent in per-
mitting a defective jack to be used in lifting cars, or in permitting
plaintiff to do such work with men incapable of safely assisting him,
or in sending inexperienced men to assist plaintiff, was not subject
to demurrer interposed.

2. *Same; Jury Question.*—Where the evidence was conflicting, and
the action was for injuries to a car repairer alleged to be due to the
negligence of the foreman of defendant in allowing an unsafe jack
to be used by the fellow servants of plaintiff at one end of the car
while plaintiff was under the other end at work, the question as to
whether the jack was defective or not and unfit, was for the jury.

3. *Same; Negligence of Foreman.*—In order to render a railroad
company liable to a car repairer on account of the negligence of the
foreman of the railroad company in permitting an unsafe jack to be
used in lifting a car, it is not essential that the foreman should have
known that the car repairer was in a place of danger, but it was
enough that he knew that the car repairer's duty required his pres-
ence under the car, and that he was liable to be there.

4. *Same; Evidence.*—Where the action was for injuries to a car
repairer from the negligent use of a defective jack in lifting a car,
it was competent to show that all the jacks in use generally by the
servants of defendant at the same time and place were old jacks and
all in bad condition, as evidence of such notice to the foreman of
defendant as to reasonably suggest inquiry as to the condition of the
particular jack used at the time of plaintiff's injury.

5. *Same.*—Where there was evidence of facts which would rea-
sonably suggest inquiry by the foreman of defendant as to the con-

dition of the jack used in lifting the car, the question whether such inquiry would have discovered the defective condition and whether the failure of the foreman to make such inquiry was negligent and the proximate cause of plaintiff's injury was a question for the jury.

6. *Same; Verdict; Instruction.*—Where the first count of the complaint was based on subdivision 1, and the second count on subdivision 2 of section 3910, Code 1907, a verdict for plaintiff was not contrary to an instruction to the jury that if the jury believed all the evidence in the case, they could not find for plaintiff on account of any defective jack being the proximate cause of plaintiff's injury, as such instruction was no more than an affirmative instruction for defendant on the first count of the complaint, and did not preclude a recovery by plaintiff on the second count.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by J. C. Choate against the Alabama Great Southern Railway Co., for damages for injury to him while an employee. Judgment for plaintiff and defendant appeals. Affirmed.

The first count of the complaint is based on a defect in a jack furnished by defendant for raising cars whereby the car under which plaintiff was working was permitted to fall on him, and was under subdivision 1, section 3910, Code 1907.

A. G. & E. D. SMITH, for appellant. The lower court should have sustained the demurrers interposed to the second count.—*A. G. S. R. R. Co. v. Cardwell,* 171 Ala. 274; *Phoenix I. Co. v. Moog,* 78 Ala. 284; *M. & M. R. R. Co. v. Crenshaw,* 65 Ala. 566; *H. A. & B. Ry. Co. v. Dusenberry,* 94 Ala. 413. The count fails to allege that the defect arose from, or had not been discovered or remedied, owing to the negligence of defendant, or of some person in its service, etc.—*B. R. & E. Co. v. Baylor,* 101 Ala. 488; *M. & O. R. R. Co. v. George,* 94 Ala. 199; *Woodson v. Seaboard M. Co.,* 94 Ala. 143. The condition of the other jacks was not competent or relevant on any point in issue, as the defect was alleged to a certain jack. The court erred in refusing the general

affirmative charge and charge 3.—*A. G. S. v. Roach,* 110 Ala. 266; *Andrews v. B. M. R. R. Co.,* 99 Ala. 438; *L. & N. v. Sharp,* 55 South. 139; *Tobler v. Pioneer M. & M. Co.,* 166 Ala. 482; *Peters v. So. Ry. Co.,* 135 Ala. 533. Under the same authorities charges 23 and 26 requested by appellant should have been given. The verdict was contrary to the instruction given by the court, and it was the duty of the court to set it aside and grant a new trial.—*Fleming & Hines v. L. & N.,* 148 Ala. 527; *Neyman v. A. G. S.,* 172 Ala. 606.

GASTON & PETTUS, for appellee. Count 2 followed the language of the statute, and was not subject to the demurrer.—Subd. 2, sec. 3910, Code 1907; *Reiter-C. Mfg. Co. v. Hamlin,* 144 Ala. 196; *Moss v. Mosely,* 148 Ala. 179; *Pos. T. Co. v. Hulsey,* 115 Ala. 204; *So. Ry. Co. v. Bartlett,* 137 Ala. 237; *K. C. M. & B. v. Burton,* 97 Ala. 240; *M. & O. v. George,* 94 Ala. 202. The condition of the other jack was competent on the question of the knowledge of the foreman that all the jacks, including that used by plaintiff were defective.—*L. & N. v. Jones,* 130 Ala. 456. The questions material to the action and defense found sharp conflict in the evidence, and were properly submitted to the jury.—*Foxworth v. Brown,* 114 Ala. 299; *St. Louis, etc., R. R. Co. v. McCrory,* 2 Ala. App. 536.

SOMERVILLE, J.—The case was submitted to the jury only upon the second count of the complaint, which is as follows: "The plaintiff claims of the defendant $10,000 as damages for this: That heretofore, to wit, on the 5th day of January, 1909, the defendant was engaged in the following business in Jefferson county, Ala., namely, the operation of a railroad, and running thereon engines, trains, and cars, propelled by

steam, for the transportation of freight and passengers for hire and reward; and the plaintiff was in the service or employment of the defendant in the following capacity, to wit, as a car repairer; and while in such service or employment, engaged in the discharge of his duties as such employee, the plaintiff received the wounds and injuries set out in the first count of this complaint; and plaintiff avers that his said wounds and injuries were the proximate consequence, and caused by reason of the negligence of a certain person, whose name is unknown to the plaintiff, and who was in the service or employment of the defendant, and who had superintendence intrusted to him while in the exercise of such superintendence, and said negligence consisted in this, namely: Said person negligently permitted a defective and unsafe jack to be used for the purpose of lifting cars, or said person negligently permitted the plaintiff to be sent to work with men who were incapable of safely assisting the plaintiff in the work which he was required to do, or said person negligently sent men to assist the plaintiff in his work who were inexperienced and who were not sufficiently skilled workmen to safely aid the plaintiff in the work which he was required to do." This count sufficiently stated a cause of action under the second subdivision of the statute, and the demurrer was properly overruled.—*L. & N. R. R. Co. v. Jones*, 130 Ala. 456, 30 South. 586; *Collier v. T. C. I. & R. Co.*, 155 Ala. 375, 46 South. 487.

The disputed issues of fact related to the alleged defective and unsafe condition of the jack and the alleged negligence of defendant's foreman, Ferguson, in allowing it to be used by plaintiff's fellow servants at one end of the car while plaintiff was at work under the other end. There was testimony that the jacks in use on the work were "old and badly worn," and that, when

the sockets are worn round and smooth, the jacks will not hold. The evidence also tended to show, or to support the inference, that the jacks which were being used to raise the far end of the car from the tracks "tripped" (that is, the notches slipped over the sockets), and that this caused the car to fall and strike plaintiff before he could escape from his place of danger under the car at the other end. Whether or not the jacks used were defective and unfit was, we think, very clearly a question for the jury on the evidence.

It is, however, insisted for appellant that the evidence has no tendency to show that Ferguson, the foreman in charge of the work of repairing this car, was guilty of any negligence with respect to the use of the defective jacks. It does not appear that Ferguson had anything to do primarily with the inspection or selection of these tools, and hence his negligence must be predicated upon knowledge or notice of their defective condition, rendering their use dangerous to his workmen whose safety, while properly at work under the car, would depend upon the capacity of the jacks, while being operated, to support the car without slipping.

As said in *T. C. I. & R. Co. v. Collier, supra,* 155 Ala. 378, 46 South. 488: "It was his duty to exercise reasonable care to know whether work was being performed in a negligent manner to the endangering of the safety of the servant." And it was not necessary that he should have known that plaintiff was in a place of danger. It was enough if he knew that plaintiff's duties required his presence under the car, and that he was liable to be there during the progress of the work of repair.—*Northern Ala. Ry. Co. v. Key,* 150 Ala. 641, 648, 43 South. 794.

It is not claimed for plaintiff that Ferguson had any actual knowledge that the jacks were defective, but it

is insisted that he had such warning of their more or less probable deficiency as imposed upon him the duty of examination before permitting their use in the repair work, with the superintendence of which he was intrusted; and this, as counsel on both sides seem to realize, is the decisive question in the case.

Defendant complains that the trial court allowed plaintiff to show that all the jacks in use generally by defendant's servants at this time and place were old jacks, of the same class as those used in this particular work; that all of these old jacks were in bad condition; that in order to keep them from going down it was necessary to use iron pins laid across them; and that shortly before this accident complaints of their condition had been made to Ferguson.

We think all this was competent evidence of notice to Ferguson of a more or less general condition of the jacks, which would reasonably suggest inquiry on his part with respect to the condition of any particular jacks which his men might have occasion to use. And it was for the jury to say whether such inquiry would have discovered a defective condition, and whether the failure to make it was negligence on his part; in short, whether the negligence of Ferguson, expressing itself along these lines, proximately produced the fall of the car and the injury to plaintiff.

There was a motion for a new trial on the ground, among others, that the verdict was contrary to the evidence under the charges given to the jury for defendant; the charge referred to being: "That, if you believe all the evidence in this case, you cannot find for the plaintiff on account of any defective jack being the proximate cause of plaintiff's injury." This charge, however, must be construed in connection with the complaint, one count of which was framed under the first

subdivision of the statute, and we think its logical effect was no more than an affirmative charge for defendant on that count.

We find no prejudicial error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, MCCLELLAN, and SAYRE, JJ., concur.