(76 South. 47)

SLOSS–SHEFFIELD STEEL & IRON CO. v. HARRISON. (8 Div. 4.)

(Supreme Court of Alabama. May 10, 1917.)

1. MASTER AND SERVANT ☞258(18)—INJURY TO SERVANT—DECLARATION.

A declaration alleging that plaintiff's intestate was killed while in employ of defendant and in the actual discharge of his duties by the falling upon him of a dipper attached to a steam shovel on which he was working, and that death proximately resulted from negligence of defendant's servant, who while superintending steam shovel negligently allowed it to be operated in a manner dangerous to plaintiff's intestate, is not subject to demurrer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 833.]

2. MASTER AND SERVANT ☞262(4) — INJURY TO SERVANT — PLEADING — CONTRIBUTORY NEGLIGENCE.

A plea of contributory negligence to a declaration alleging that plaintiff's intestate was killed by negligence of defendant's servant, causing a dipper attached to a steam shovel on which he was working to fall upon him, is demurrable where it alleges that plaintiff's intestate refused to perform his work in a safe way, and placed himself where he knew dipper might strike him, since it should not merely aver negligence as a conclusion, but also a state of facts to which the law attaches that conclusion.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 859.]

3. MASTER AND SERVANT ☞105(1)—INJURY TO SERVANT—SAFE APPLIANCES—EXTENT OF MASTER'S DUTY.

Master does not necessarily exempt himself from liability to his servant for failure to use proper appliances in his business by using such appliances as are used by many prudent persons engaged in the same business under like circumstances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 185, 191.]

4. WITNESSES ☞37(1) — COMPETENCY — KNOWLEDGE—CUSTOM.

In an action for causing death of plaintiff's intestate by negligent operation of steam shovel, an objection to question whether it was being operated with the front higher than is ordinary was properly sustained, where witness was not properly qualified by knowledge.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 80, 83, 87.]

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by Sallie Harrison, as administratrix, against the Sloss-Sheffield Steel & Iron Company, for damages for the death of her intestate. Judgment for plaintiff, and defendant appeals. Affirmed.

The sixth count alleges in substance that defendant was engaged in mining ore, and as a part of its business was operating a steam shovel, and that Joe Harrison, her intestate, was on said day in the employ of defendant, working on or about said steam shovel, and while so engaged in the active discharge of his duties, a dipper attached to said steam shovel fell upon and killed him. It is alleged that the death proximately resulted from the negligence of one Harve Hickey, who was also in the employ of defendant, who had superintendence intrusted to him by defendant whilst in the exercise of such superintendence, and that said negligence of said superintendent consisted in this: That the said Harve Hickey, who had superintendence of the said steam shovel and the men who worked on or about the same, negligently allowed said steam shovel to be operated in a manner dangerous to the safety of plaintiff's intestate, whereby said dipper fell upon plaintiff's intestate and killed him as aforesaid. The pleas of contributory negligence were:

(1) There was a safe way to perform the work and labor, which he was doing at the time said dipper fell and hurt him, and said intestate failed and refused to perform it in the safe way, and placed himself on the end of a car in a few feet of the car, being at the time loaded, where he knew derricks might fall on him, or the dipper might strike him, and remained in said place, while said dipper was swung over said car, and fell and thereby caused his death.

The others are but a variation of the same defense.

Tillman, Bradley & Morrow and L. C. Leadbeater, all of Birmingham, and Travis Williams, of Russellville, for appellant. W. L. Chenault, of Russellville, and A. H. Carmichael, of Tuscumbia, for appellee.

THOMAS, J. The action was for personal injury. At the trial all the counts save that numbered 6 were withdrawn. Defendant pleaded the general issue, and contributory negligence.

Plaintiff based her asserted right of recovery on the negligence of one Hickey, as superintendent of the steam shovel at which plaintiff's intestate was working when he received the injury resulting in his death.

[1] The count was not subject to the demurrers directed thereto. Collier v. T. C., I. & R. R. Co., 155 Ala. 375, 46 South. 487; T.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

C., I. & R. R. Co. v. Moore, 194 Ala. 134, 69 South. 540; A. G. S. R. R. Co. v. Choate, 184 Ala. 636, 640, 64 South. 78; 2 Labatt, Master and Servant, §§ 679, 737.

[2] As to the ruling of the court on defendant's plea of contributory negligence, no error was committed. To withstand an appropriate demurrer, a plea of contributory negligence must go beyond averring negligence as a conclusion, and must aver a state of facts to which the law attaches that conclusion. Osborne v. Ala. S. & W. Co., 135 Ala. 571, 33 South. 687; T. C., I. & R. R. Co. v. Herndon, 100 Ala. 451, 14 South. 287; L. & N. R. R. Co. v. Markee, 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 933, and authorities there collected.

[3] The master is not required to use the best possible appliances in the conduct of his business, but may show that the appliances adopted and so used by him are such as are employed by many prudent persons engaged in the same business under like circumstances. Such fact shown, however, does not necessarily exempt an employer from liability. Prudent persons may do imprudent things, and fail to use proper appliances in the conduct of their business; and for such negligent failure, in a proper case, would be liable to those to whom the duty of prudence and care is due, for injury the proximate result of such negligent failure. Reynolds v. Woodward Iron Co., 74 South. 360;[1] Davis v. Kornman, 141 Ala. 479, 37 South. 789; Prattville Cotton Mills v. McKinney, 178 Ala. 554; 59 South. 498; Caldwell-Watson F. & M. Co. v. Watson, 183 Ala. 326, 62 South. 859; L. & N. R. R. Co. v. Allen's Adm'r, 78 Ala. 494.

[4] Did the court commit error in sustaining plaintiff's objection to the question propounded to the witness, Hickey, by the defendant, on cross-examination:

"Was that steam shovel at that time being operated with the front of it any higher than is ordinary in the operation of steam shovels by well-regulated companies of this character?"

While a witness is presumed to be competent unless the contrary is made to appear, he is not presumed to be qualified by knowledge, and his proponent must show that the witness has such knowledge if it does not otherwise appear. The absence of such a showing in the instant case was called to the attention of court and counsel by the very ground of objection assigned by plaintiff to the question. The exclusion of the question may be justified for this reason, on the authority of B. R. L. & P. Co. v. Barrett, 179 Ala. 274, 290, 291, 60 South. 262; Torbert v. State, 87 Ala. 27, 6 South. 284. We have examined the evidence, and it is clear that a jury question was presented. Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 South. 601.

There was no error in refusing the affirma-

tive charge requested by defendant, nor in denying its motion for a new trial. N., C. & St. L. Ry. v. Crosby, 194 Ala. 338, 70 South. 7; Cobb v. Malone, 92 Ala. 630, 9 South. 738.

Let the judgment of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.