HOLMES, Judge.
This is a workmen’s compensation case.
The employee (Pitts) sued the employer (Jefferson County) for workmen’s compensation benefits. Jefferson County claimed no benefits were due Pitts because of Pitts’s willful misconduct, a defense allowed employers under § 25-5-51, Ala. Code (1975). The issue of willful misconduct was tried before a jury pursuant to § 25-5-81, Ala.Code (1975). The jury found in favor of the employee on this issue, and thereafter, the trial court found Pitts had suffered a twelve percent loss of ability to earn.
Jefferson County, through able counsel, appeals and we affirm.
Jefferson County contends the trial court erred in certain evidentiary rulings and that the evidence does not support the findings of a twelve percent loss of ability to earn.
Viewing the evidence with the proper standard of review in mind, the pertinent facts surrounding the trial court’s actions as to the evidentiary rulings are as follows:
At the time of his injury, Pitts was employed by the Jefferson County Sheriff’s Department as a deputy sheriff. On July 16, 1980, while on patrol at night, Pitts and his partner, Feld, were involved in a single car accident that took Feld’s life and left Pitts with serious injuries. Pitts was driving the patrol car, a 1978 Ford LTD II, at the time of the accident. The accident occurred on an isolated, unilluminated road sometime after 9:00 P.M.
Pitts testified at trial that the accident occurred because the headlights and the power on the patrol car failed as the automobile entered a curve. According to Pitts, as they approached a curve in the road, he could see the headlights of an automobile coming from the opposite direction. In an attempt to dim his lights, Pitts pressed the dimmer switch and at that time the headlights on the patrol car went out completely. It seemed to Pitts that at the moment the headlights failed the engine stalled or died and the patrol car *960 would not respond to the brakes and would not turn. The patrol ear left the road on the right-hand side and collided with a tree.
Jefferson County asserted certain defenses allowed an employer under § 25-5-51, Ala.Code (1975). Section 25-5-51 provides, inter alia, that compensation benefits will be denied employees for injuries brought about by their own intoxication, willful misconduct, or willful breach of a reasonable rule or regulation promulgated by the employer, in this case, a rule that prohibits being intoxicated on duty or while driving an automobile. Pursuant to § 25-5-81, Ala.Code (1975), the issue of intoxication and willful misconduct was tried before a jury.
Jefferson County presented evidence that the alcohol content in Pitts’s blood at the time of the accident was considerably higher than the level that would render the average person incapable of safely operating a motor vehicle. Jefferson County also presented evidence that several people smelled alcohol on Pitts after the accident.
Pitts offered evidence that tended to show that the blood test administered to him after the accident was tainted by the rubbing alcohol used in preparing him for an “I.V.” There was also evidence that both before and after the wreck several people, some medically knowledgeable, did not smell alcohol on or about Pitts.
There was also evidence introduced over objection by Jefferson County that other Jefferson County deputy sheriffs had experienced similar mechanical or electrical problems with other 1978 Ford LTD IIs used by the sheriff’s department. In addition, one woman not connected with the sheriff’s department testified that the headlights on her 1978 Ford LTD II had gone out on previous occasions.
On appeal, Jefferson County contends that it was erroneous for the trial court to allow the testimony of the deputy sheriffs and the one civilian pertaining to the problems they had experienced with 1978 Ford LTD IIs. Specifically, Jefferson County contends that Pitts did not show that these other incidents occurred under similar conditions, a showing that Jefferson County contends is necessary for the admission of such evidence.
The rule of law Jefferson County relies on has been stated thusly:
“To allow proof of an occurrence similar to that claimed to have caused an injury, substantially similar conditions must be shown, but it is not necessary that there be direct proof of the similarity.” M. C. West, Inc. v. Battaglia, 386 So.2d 443, 448 (Ala. Civ.App.), cert, denied, 386 So.2d 450 (Ala. 1980). This rule is further qualified by the condition that the “nearness of the occasions may afford a presumption that they were similar, or they may be shown similar by other circumstances.” M. C. West, Inc., at 448.
We believe that, under the present facts and keeping in mind this is a workmen’s compensation case, the similarity of conditions was shown by “other circumstances.” The incidents in question, with the exception of the civilian, all occurred with 1978 Ford LTD IIs purchased in a lot by Jefferson County; they occurred during the same, relatively short period of time, 1978-1980; they were all similarly equipped. Some of the evidence concerning other deputies’ experiences with the very same automobile that Pitts was driving at the time of the accident showed that the other occurrences were similar. There was testimony from the county equipment manager that the county received no more complaints of headlight failure on these automobiles after a certain, minor repair was done to the wiring of each one; he also testified that before making that repair he eliminated every other possible cause, such as bad fuses or defective light bulbs.
The woman who testified that she experienced headlight failure testified after the evidence concerning headlight failure on Jefferson County vehicles. She testified that her automobile was a 1978 Ford LTD II and that on at least two separate occasions the headlights went out while the automobile was being operated. The woman further testified that she and her boy *961 friend checked for loose wires, could find none, and that she had no explanation for the headlight failure. The fact that the car was the same make and model as the others and that the automobile was in motion at the time creates sufficient similarity of conditions to the point where any dissimilarity or lack of proof of similarity would seem to go to the weight of the evidence and not its admissibility.
Even if proof of “similarity” was lacking in the testimony of the woman, such testimony in this instance appears to be cumulative and therefore not reversible error. Rule 45, Alabama Rules of Appellate Procedure.
Even if, assuming arguendo, similarity of conditions in general was not present, we believe that the evidence was admissible nevertheless.
In most all of the cases and authorities relied on by Jefferson County, negligence was at issue. The other “occurrences” sought to be introduced were usually other accidents at the same location or involving the same thing. The other occurrences were offered to show either that a place or thing was dangerous or unsafe. The plaintiff sought to introduce the evidence of other occurrences to help meet the affirmative burden of proving negligence. Similarity of conditions in the occurrences was required in order to eliminate other factors that might be a possible cause of the occurrences other than the unsafe place or thing. See Davis v. Kornman, 141 Ala. 479, 37 So. 789 (1904); Supreme Lodge of the World, Loyal Order of the Moose v. Gustin, 202 Ala. 246, 80 So. 84 (1918); and C. Gamble, McElroy’s Alabama Evidence §§ 80.01 and 83.01 (3d ed. 1977) for a representative sampling of cases dealing with this subject.
In the case at bar, negligence was not at issue. Jefferson County was defending against a workmen’s compensation claim pursuant to § 25-5-51. Under § 25-5-36, Ala. Code (1975), the employer has the burden of proof to establish the willful misconduct or other misconduct of the injured employee. The testimony concerning other headlight failures was not offered to prove the cause of the accident or that the lights failed because there was negligence, but rather to “join issue” on the question of willful misconduct and intoxication and to refute Jefferson County’s evidence. In other words, Pitts had no affirmative burden of proof to meet as to the cause of the accident; Pitts was only refuting Jefferson County’s contention that his intoxication and willful misconduct caused his injuries. Pitts attempted to refute Jefferson County’s contention by not only his own testimony but with that of others.
We particularly note again that this is a workmen’s compensation case and compensation laws should be liberally construed in order to effectuate the beneficent purpose behind the act and to eliminate procedural technicalities. Sun Papers, Inc. v. Jerrell, 411 So.2d 790 (Ala.Civ.App.1981).
Jefferson County, again through able and effective counsel, contends that the trial court erred in that the evidence does not support a finding of a twelve percent loss of ability to earn. We do not agree.
The determination of the proper percentage of disability rests with the trial court. The trial judge has the opportunity to observe the courtroom demeanor of the employee and other witnesses. Dees v. Daleville Florist, 408 So.2d 155 (Ala.Civ.App.1981). In the present case there is sufficient evidence to support the trial court’s determination.
There was evidence that Pitts had sustained a partial hearing loss in his right ear since the accident. There was some evidence that Pitts could never again perform the duties required of a police officer as a result of the injuries he sustained in July 1980. There was evidence that from 1975 up until the time of the accident Pitts had worked only as a police officer. There was also evidence as to the jobs Pitts had worked since recovering sufficiently from his injuries. He had worked as a night club manager and, most recently to the time of trial, as a general maintenance man *962 at a country club. There was evidence pertaining to Pitts’s educational background and training, which appeared to be consistent with the trial court’s action. We therefore conclude there was evidence from which the trial court could determine that Pitts had suffered a twelve percent loss of ability to earn as a result of his injuries, etc.
In view of the above, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.