# Caldwell-Watson F. & M. Co. v. Watson.

*Injury to Servant.*

(Decided January 23, 1913. Rehearing denied May 13, 1913. 62 South. 859.)

1. *Master and Servant; Injury to Servant; Defect in Machinery; Jury Question.*—Under the evidence in this case it was a question for the jury whether there was a defect in the machinery of the master which is alleged to have caused the injury to the servant.

2. *Same; Defect in Machinery.*—Under subdivision 1, section 3910, Code 1907, an instrumentality used in the business of the master not in proper condition for the purpose for which it is applied is defective, although each part may be sufficient.

3. *Same; Burden of Proof.*—In an action for injury to servant because of defects in the ways, works, etc., the burden is on plaintiff not only to show the existence of the alleged defect, and that it was the proximate cause of the injury, but that the defects arose from or had not been discovered or remedied owing to the negligence of the master, or of some person in his service; where, however, the defect is shown to be structural, and such as renders it unsafe, it may be inferred that the master was aware of it, especially where the machine was constructed by him.

4. *Same; Care Required.*—The law does not require a master to use the best possible appliances, and he may show that they were such as were adopted and used by prudent persons in the same business; this fact is not conclusive, however, that the machine is not defective, and does not necessarily relieve the master from liability.

5. *Same; Evidence; Defect.*—Where there was evidence that the machinery used in the master's business was unsafe or insufficient, proof that such machines were generally used by prudent persons in the same business was admissible, to rebut negligence.

6. *Same; Instructions.*—A charge asserting that even if the hydraulic press mentioned in the complaint was defective, plaintiff could not recover unless such defect could have been discovered by such an inspection, as an ordinarily prudent person engaged in the same business would have given it, and unless defendant was negli-

[Caldwell-Watson F. & M. Co. v. Watson.]

gent in failing to make such inspection, pretermitted the fact that the press was constructed by the defendant, thus charging him with notice of inherent defects not discoverable upon ordinary inspection, and was hence, properly refused.

7. *Same.*—A charge that if defendant's hydraulic press built by him was built according to the plan of similar presses sold by reputable dealers, and used by persons engaged in similar business, and if defendant had no knowledge of any defect therein, plaintiff could not recover, was properly refused as the law charged defendant with notice of any defect in the press.

8. *Same.*—A charge asserting that if the master was guilty of no negligence in the manufacture of the hydraulic press, plaintiff could not recover, was properly refused, as the press may have been actually made in the most skillful manner, and yet have been unsafe for the purposes for which it was made.

9. *Same; Jury Question.*—The question of defendant's negligence in furnishing the press was for the jury, there being evidence that it was defective, although there was evidence that other well regulated plants used the same kind of hydraulic pressure, and undisputed evidence that the press had never before caused an accident, although operated for years.

10. *Charge of Court; Argumentative.*—It is proper to refuse instructions which are argumentative.

11. *Same; Cured by Other Instructions.*—An instruction that it was the duty of the master to furnish an employee a reasonably safe place to work in, and reasonably safe appliances to work with, and to keep them in a reasonably safe condition, was not misleading when considered with the further instruction that defendant was bound to use only reasonable care as to the construction of the machine.

12. *Evidence; Opinion Evidence.*—Witnesses who had never constructed hydraulic presses like one alleged to be defective, but who were master mechanics of many years' experience, and familiar with hydraulic presses and machines, and with the general construction and repair of such machines as well as with making and plugging holes, were qualified to give their opinion whether the press in question was defective.

13. *Appeal and Error; Harmless Error; Instruction.*—An instruction by the court that plaintiff claimed the right to recovery because defendant negligently allowed the machine to become defective, even if it was properly constructed, was a mere statement of plaintiff's contentions, and instructed no finding thereon; hence, defendant was not prejudiced thereby, even if plaintiff's claim was not supported by the evidence.

(Mayfield, J., dissents in part.)

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Frederick Watson against the Caldwell-Watson Foundry & Machine Company, for damages for

injury received while in its employment. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts of the case sufficiently appear from the opinion.

The following charges were refused the defendant:

"(2) If you believe from the evidence in this case that the defendants exercised such care in furnishing a hydraulic press as any other reasonably prudent employer would have exercised under similar circumstances, you cannot find that they were negligent in or about furnishing or maintaining the hydraulic press, a part of which injured plaintiff."

(4) If you believe the evidence in this case, the defendant's hydraulic press was not defective within the meaning of the Employer's Liability Act."

(6) Affirmative charge as to the first count.

"(1) If you believe the evidence in this case, you cannot find that the defendant was negligent in or about furnishing plaintiff a reasonably safe place in which to work.

"(8) If you believe from the evidence that the said pin mentioned in the evidence was made by defendant in a proper manner, according to the plan and pattern of a well-regulated and reputable manufacturing concern engaged in the manufacture of hydraulic presses, then the plaintiff cannot recover merely on account of the fact, if it be a fact, that the collar of said pin was only the thickness shown by the evidence."

"(1) I charge you that, even if you believe from the evidence that the hydraulic press mentioned in the complaint was defective, you cannot find for the plaintiff unless you are reasonably satisfied from the evidence that this defect could have been discovered and remedied by such an inspection as an ordinarily prudent person engaged in the business in which the defendants

were engaged would have given it, and also that the defendants were negligent in failing to make such inspection."

"(3) If you believe from the evidence that defendants were guilty of no negligence in the manufacture of the press described in the complaint, you must find for the defendant."

"(9) If you believe from the evidence in this case that the defendant's hydraulic press was built in accordance with a plan by which similar presses sold by reputable dealers in such articles and used by persons engaged in a business similar to that in which defendants were engaged when plaintiff was injured, whose busines was well conducted, and that defendant had no knowledge of any danger that might arise from said press, or of any defect therein, you must find for the defendant.

"(10) If a master builds a machine in accordance with the plans by which machines have been built by reputable manufacturing concerns, and used by reputable persons engaged in a business similar to that of the master, and which served the purpose for which they were built without accident and in a satisfactory manner for 10 years or longer, the master is not liable for an injury caused by the breaking of the machine, after it had been used 10 years, if no defect existed therein which could have been detected by a reasonable inspection at the time of the breaking, and which was not present when it was manufactured."

The second part of the oral charge excepted to is as follows:

"Now, the plaintiff claims the right to recovery because they say, even if it was properly constructed in the first instance, that they negligently allowed it to get into a defective condition, and that by reason there-

[Caldwell-Watson F. & M. Co. v. Watson.]

of the plaintiff suffered damages because of their alleged negligence in that particular."

The third exception is as follows:

"Now, upon that point, I want to say right here that where the relation of master exists, as it is sometimes called, employer and employee, as is claimed in this case, it is the duty of the master or employer to furnish to the employee a reasonably safe place to work in, and reasonably safe tools, appliances, or instruments to work with, and keep them in a reasonably safe condition."

TILLMAN, BRADLEY & MORROW, CHARLES E. RICE, and P. P. WALDROP, for appellant. By the terms of the act, only a defect in the condition of the machine, as a result of which it fails to safely perform the function for which it was designed, is included and contemplated. It does not include a defect in the design or type of a machine in general use by well-regulated concerns.— 1 Dresser, 207, et seq.; 42 N. E. 112; *Huyck v. McNerny,* 163 Ala. 244; *Sloss-Sheffield v. Smith,* 166 Ala. 437. The Employers' Liability Act did not create a new cause of action or take away any existing remedy, but was passed solely to take from the master in the cases mentioned in the act, the common law defense of negligence of a fellow servant.—1 Dresser, secs. 2-38; 2 LeB. sec. 666; *Laughran v. Brewer,* 113 Ala. 507, and cases cited; *Tutwiler C. & C. Co. v. Farington,* 39 South. 898; *Sloss-S. S. & I. Co. v. Mobley,* 139 Ala. 425. The appellant is responsible for the consequences of negligence, but not of danger, and from the evidence, it cannot be reasonably inferred that appellant was negligent.—1 Dresser, 194; 67 S. E. 359; 20 Atl. 517. Plaintiff cannot recover for any defect arising after the manufacture of the press in question.—*L. & N. v. Lowe,* 158

[Caldwell-Watson F. & M. Co. v. Watson.]

Ala. 493; *L. & N. v. Campbell,* 97 Ala. 152; *L. & N. v. Allen,* 78 Ala. 503. The duty is to use reasonably safe appliances, such as are used by prudent persons in a well regulated establishment in the same business.—*Ga. Pac. v. Propst,* 83 Ala. 527; *Wilson v. L. & N.,* 85 Ala. 272; *R. & D. R. R. Co. v. Bivins,* 143 Ala. 146; 1 LeB. 110; 98 N. Y. 562; 84 N. Y. 455, and authorities supra. The court erred in admitting the opinion of mechanics as to whether the press was properly constructed.—1 Wig. sec. 555; 57 N. E. 759; 98 Fed. 52; 106 N. W. 364; 27 N. E. 358. The following cases seem to us to condemn the question under consideration:—*Ferguson v. Hubbell,* 97 N. Y. 513; 20 N. Y. Appeals, 346; *Pacheco v. Judson Mfg. Co.,* 45 Pac. 834; *State v. Stevens,* 92 N. W. 422-3; *Read v. Valley, L. & C. Co.,* 92 N. W. 622-3; *Schlander v. C. & S. T. Co.,* 97 N. E. 325-6; *Roscoe v. M. St. Ry. Co.,* 101 S. W. 36. Assuming that the witnesses were competent to repair a press, we do not believe that this qualifies them as experts to testify as to the type of a press.—*Paul E. Wolfe Shirt Co. v. Frankenthal,* 70 S. W. 381; *Matthews v. Farrell,* 37 South. 329; *Neyman v. A. G. S. R. R. Co.,* 57 South. 435. The question invades the province of the jury and should not have been allowed.—*Walshe M. Co. v. Lumber Co.,* 59 South. 460; *L. & N. v. Bogue,* 58 South. 394.

ALLEN & BELL, for appellee. The defect complained of was a defect under the first subdivision of the Employers' Liability Act.—*K. C. M. & B. v. Burton,* 97 Ala. 240; 2 LeB. sec. 670; Dresser, sec. 39. Under the evidence whether the machinery was defective was a question for the jury.—*R. & D. R. R. Co. v. Weems,* 97 Ala. 270; *Davis v. Korman,* 141 Ala. 479; *L. & N. v. Jones,* 130 Ala. 456; *Prattville C. Mills v. McKinney,* 59 South. 498; *Jackson L. Co. v. Cunningham,* 141 Ala.

206. We invite the court's especial attention to the rule laid down in the case of *Sloss-Sheffield v. Mobley,* 139 Ala. 425; *West P. C. Co. v. Andrews,* 150 Ala. 368; *New C. C. & C. Co. v. Kilgore,* 162 Ala. 642; *Pell City v. Cosper,* 55 South. 214.

ANDERSON, J.—This case was tried upon count 1 of the complaint, and which is a defect count, under subdivision 1 of section 3910 of the Code of 1907, and is predicated upon a defective hydraulic press, which was a part of the defendant's plant or machinery, etc. The plaintiff's evidence tended to show that he was injured by a pin, plug, or screw, which flew out and hit him on the leg, fracturing the bone, and that there was an inherent defect in said press, in that it contained a certain hole which was not necessary, or, if necessary, that it could have been forced instead of straight, and would have been safer from producing accident than the one in question. There was also evidence that the pin or plug was not put in in a workmanlike manner. This furnished evidence from which the jury could find that there was a defect in the ways and works, etc., and for which the master was responsible, if it arose from negligence, either in furnishing a defective instrumentality or failing to remedy or repair same.

In 2 Labatt on Master & Servant, p. 1963, § 670, it is said: "Wherever an instrumentality is not in a proper condition for the purpose for which it was applied, there is a defect in its condition within the meaning of the act. If the whole arrangement of a machine is defective for the purpose for which it is applied, there is a defect so as to bring it within the act, although each part may be sufficient. It follows therefore, that whenever there is such an unsuitableness for the work intended to be done and actually done, the liability con-

templated by the statute arises although the appliance is perfect of its kind and in good repair and suitable for other kinds of work. In such case the employer is in fault because he has furnished appliances for a use for which they are unsuitable, and in effect in so ordering and carrying on his work that, without fault on the part of an ordinary workman, the natural consequences will be that the appliance will be used for purposes for which it is unsuitable."

In Dresser on Employers' Liability, § 39, p. 206, it is said: "The question is whether the fact that the machine was unfit for the purpose for which it was applied constitutes a defect in its condition. The question really almost answers itself. If it was not in a proper condition for the purpose for which it was applied, there was a defect in its condition within the meaning of the act. The argument of the defendant comes to this: That if the employer has a machine one part of which is weaker than it ought to be, there is a defect in its condition, but if the whole machine is too weak for the purpose for which it is applied, there is no such defect. Could it be said, if a windlass only for raising a bucket is used to draw up a number of men, that there is no defect in the condition of the machinery? The condition of the machinery must be a condition that relates to the purpose for which it is applied."

In line with the above is the language of McClellan, J., in *K. C. M. & B. R. R. Co. v. Burton,* 97 Ala. 240-246, 12 South. 88, 91: 'There must be some inherent condition of a permanent nature of the ways, works, machinery, or plant which unfits the thing for its uses; some weakness of construction with reference to the proposed uses (as where the ordinary appliances for drawing buckets of water from a well are used to lower and hoist men); some inadaptation to its purposes

(as where the sides of a coke lift are not sufficiently fenced to safely hoist its burden.—*Heske v. Samnelson,* 12 L. R. [Q. B.] 30) ; some break or misplacement of the parts, or the absence of some part; some innate abnormal quality of the thing which renders its use dangerous (as the viciousness of a horse constituting 'plant' in the business of a wharfinger.—*Yarmouth v. France,* 19 L. R. [Q. B.] 647) ; some obstacle in the way of use, or obstruction to the use, which is a part of the thing itself, or of the condition of the thing itself, as holes in or ice upon a way, or the like—to constitute a defect in the ways, works, machinery, or plant under the statute."

There can be no doubt of the soundness of the proposition that the burden of proof is upon the plaintiff, not only to prove the existence of the alleged defect, and that the said defect was the proximate cause of the injury, but also that the defect arose from or had not been discovered or remedied owing to the negligence of the master or employer, or some person in his service. —*L. & N. R. R. Co. v. Lowe,* 158 Ala. 393, 48 South. 99. When, however, the defect in an appliance is shown to be structural, and as of such character as renders it unsafe, it may be inferred that the master was aware of the defect, especially when the machine or instrumentality was constructed by him.—26 Cyc. 1144; *Jasper v. Barton,* 1 Ala. App. 472, 56 South. 42.

The law does not require the master to use the best possible appliances; he may show that they were such as were adopted and used by many prudent persons engaged in the same business, yet this fact does not necessarily exempt the employer from liability.—*Prattville Cotton Mills v. McKinney,* 178 Ala. 554, 59 South. 598; *Davis v. Kornman,* 141 Ala. 479, 37 South. 789. The fact that others in the locality made and used

presses like the one in question is a very pertinent fact on the inquiry of negligence vel non on the part of these defendants, but is not conclusive that said machine was not defective.—*Going v. Ala. Co.,* 141 Ala. 537, 37 South. 784. We do not understand this rule to be opposed by the cases of *Georgia Pac. R. R. Co. v. Propst,* 83 Ala. 526, 3 South. 764, and *L. & N. R. R. Co. v. Allen,* 78 Ala. 494, as those cases correctly lay down the rule that the master need not adopt every new invention, and it is sufficient if he uses those in ordinary use by prudently conducted roads engaged in like business and surrounded by like circumstances. They do not hold that such a fact is conclusive evidence against all defects in the instruments, machines, or works so used, as others may be remiss in the selection and use of their machinery, instruments, etc.

We think the holding means, where evidence is shown that the ways and works of the defendant are unsafe, or insufficient, that proof that similar instruments are generally used by other prudent persons engaged in similar calling is evidence in rebuttal, and might influence the jury in holding that there was no negligence, but such proof would not, as matter of law, conclusively show that there was no negligence in the selection or use of such machinery or instrumentality. There was no error in refusing charges 2, 4, 5, 6, 7, and 8, requested by the defendant.

There was no error in refusing charge 1, requested by the defendant. If not otherwise bad, it pretermits the fact that the press in question was constructed by the defendant, and such being the case, it was chargeable with notice of inherent defects, although latent and not discoverable upon an ordinary inspection.

Charge 9, requested by defendant, if not otherwise bad, was abstract, as the law charged the defendant

with notice of any defect arising out of the manufacture of the press, as it was manufactured by it.

Charge 10 was argumentative, if not otherwise bad.
. Charge 3, requested by the defendant, if not otherwise bad, is misleading, as the jury may have been influenced thereby to find for the defendant, unless there was negligence in the manufacture of the press. The press may have been actually manufactured in a most skillful manner, and yet be an imperfect or unsafe machine for the purpose for which it was installed and used by the defendant. In other words, the type or some of its component parts may have been imperfect, and yet the machine may have been constructed and put together in a most workmanlike and skillful manner.

The second part of the oral charge excepted to was a mere statement of one of the plaintiff's contentions, and it instructed no finding upon said contention, and the defendant was not thereby injured, even if the claim was not supported by the proof, but which fact we need not determine.

It is no doubt a sound proposition of law that the master is only required to exercise reasonable care and skill in furnishing the servant a reasonably safe place or tools, and that it is not an imperative duty to insure the place or tools, and so much of the oral charge as is involved in the third exception would have been better had it stated that it was the duty of the master to exercise reasonable care to furnish a reasonably safe place, instead of saying that it was his duty to furnish a reasonably safe place, yet, when this part of the charge is taken with the whole oral charge, as set out, we think that the duty of the master was properly set out, and that the jury could not have been misled by this part excepted to by the defendant.

The defect complained of was in the hydraulic press, and the court had previously emphasized the fact that defendant had to use only reasonable care as to the construction of same, and that the only duty in this regard was to exercise reasonable care.

A sufficient predicate was laid for the opinion evidence of Ball and Frank. They had, perhaps, never constructed presses like the one in question, but they were both master mechanics of many years' experience, and were familiar with hydraulic pressure and machinery, and with the general construction and repair of machinery, as well as with making and plugging holes.

There was no error in refusing the motion for a new trial.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.

### ON REHEARING.

ANDERSON, J.—Appellant contends, while proof that other well-regulated plants or works used the press in question may not be conclusive that the defendant was not guilty of negligence, that said fact, when taken in connection with the undisputed evidence that this press never before caused an accident though operated for years, should, as matter of law, exonerate the defendant; that to hold otherwise would make the defendant an insurer of the safety of its machinery, and exact a higher duty than the law requires. We confess that this circumstance should strengthen the defendant's contention, but the question should be left to the trier of facts, the jury, to determine whether or not the de-

[Caldwell-Watson F. & M. Co. v. Watson.]

fendant was guilty of negligence in furnishing the press in question, and which would not necessarily make it an insurer, as there was evidence that the press was defective notwithstanding it was the same kind used by others, or may have never before injured any one. The defendant had to exercise reasonable care in furnishing a reasonably safe press, and, being a manufacturer of the machine in question, the jury could have inferred that it knew that a safer and better one could be furnished, and the fact that others used the same kind did not, as matter of law, justify the defendant to use the one in question until some one got hurt. Nor does this holding necessarily make the master an insurer of the safety of its servants or its machinery. While the law does not require him to furnish the best and most modern press, yet when there is evidence that the one in question was defective, it becomes a question for the jury to decide as to whether or not he should not have furnished another one, notwithstanding the same type may have been used by others, and not have waited until after it injured a servant. As above stated, the fact that others used this type, and that it had been safely operated for years, was a strong circumstance to be considered by the jury, but did not, as matter of law, acquit the defendant of negligence.

The application for rehearing is overruled.

McCLELLAN, SAYRE, SOMERVILLE, and DE GRAFFENRIED, JJ., concur. MAYFIELD, J., dissents. DOWDELL, C. J., not sitting.