(85 South. 19)

ALABAMA PACKING CO. v. SMITH.
(6 Div. 980.)

(Supreme Court of Alabama. Jan. 15, 1920.)

1. NEW TRIAL ☞70—MOTION ON GROUND OF INSUFFICIENCY OF EVIDENCE HELD PROPERLY OVERRULED.

In an action for the death of an employé from explosion of an ammonia tank, *held*, that the trial court properly overruled defendant's motion to set aside the verdict for plaintiff, on the ground that the evidence was insufficient to support conclusion that the tank was defective, because of original construction, or had become so because of age or corrosion.

2. MASTER AND SERVANT ☞286(7) — NEGLIGENCE IN FAILING TO USE AUTOMATIC SAFETY VALVE QUESTION FOR JURY.

Though a master is required only to exercise reasonable care in furnishing suitable and safe machinery for employés, and need not use every new invention or best possible appliances, whether legal measure of care has been met in particular circumstances is for jury, where there is evidence from which it might conclude absence of automatic safety valve on tank was defect in system of which it was a unit.

3. TRIAL ☞251(8)—INSTRUCTION NOT PREDICATING NONLIABILITY ON CONTRIBUTORY NEGLIGENCE PLEADED PROPERLY REFUSED.

In an administratrix's action for death of a servant, requested instruction, not predicating its conclusion of the employer's nonliability on contributory negligence pleaded, *held* properly refused.

4. TRIAL ☞260(8) — REQUEST COVERED BY ORAL CHARGE PROPERLY REFUSED.

In an administratrix's action for death of a servant, requested instruction on contributory negligence, sufficiently covered by the oral charge of the court, *held* properly refused.

5. MASTER AND SERVANT ☞265(14)—BURDEN TO PROVE CONTRIBUTORY NEGLIGENCE ON EMPLOYER.

The burden of proof rested on defendant employer, sued for death of its servant, to establish the contributory negligence of the servant, pleaded by it.

6. MASTER AND SERVANT ☞291(12) — INSTRUCTION ON BURDEN OF PROVING CONTRIBUTORY NEGLIGENCE HELD ERRONEOUS.

In action for death of servant, requested charge that the employer was not liable, unless it was guilty of negligence proximately causing the death, and the servant was not guilty of contributory negligence, *held* properly re-

fused, as erroneous, in that it made a negative statement of the matter of contributory negligence.

Appeal from Circuit Court, Jefferson County; Dan. A. Greene, Judge.

Suit by Mabel Smith, as administratrix of the estate of Reuben Smith, against the Alabama Packing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The pleadings and the essential facts sufficiently appear from the opinion. The following charges were refused to the defendant in writing:

(13) If you believe from the evidence that Mr. Smith, plaintiff's intestate, was guilty of contributory negligence, which in any degree contributed to cause the explosion, whether such negligence consisted in his being asleep, or in permitting both of the valves on the ammonia tank or receiver be closed, if you believe from the evidence that they were so closed at the time of the explosion, or if you believe from the evidence he was asleep, plaintiff could not recover.

(14) Under the law, I charge you that the defendant employer was not a guarantor of Mr. Smith's safety, and would not be liable in damages on account of his death, unless and until it was found from the evidence, first, the defendant was guilty of negligence, which proximately caused Mr. Smith's death; and, second, that Mr. Smith was not guilty of contributory negligence, either with reference to the valves on the ammonia tank being closed, or with reference to his being asleep, if you believe from the evidence that either of those conditions existed at the time of the explosion, and that condition, or either of them, contributed to cause the explosion.

Percy, Benners & Burr, of Birmingham, for appellant. The burden of proof as to negligence was on the plaintiff. 97 Ala. 147, 12 South. 574; 98 Ala. 150, 12 South. 168; 183 Ala. 132, 62 South. 757; 183 Ala. 195, 62 South. 759; 188 Ala. 361, 66 South. 108, Ann. Cas. 1916B, 213; 193 Ala. 648, 69 South. 106. Under the evidence, and these authorities, the defendant was entitled to an instructed verdict. 171 Ala. 212, 55 South. 139. The court erred in refusing charges 13 and 14. Authorities supra.

James Barton and Harsh, Harsh & Harsh, all of Birmingham, for appellee. No brief came to the Reporter.

McCLELLAN, J. Action for damages, instituted by appellee against appellant, for the death of Reuben C. Smith, which resulted from the explosion of an ammonia tank in appellant's refrigerating plant, and in the service of which intestate was employed and engaged when the explosion occurred. The case went to the jury under the averments of counts 1 and 3; the other counts being eliminated by instructions given the jury.

Counts 1 and 3 both charged a defect in the condition of the way, work, machinery, etc., within the purview of Code, § 3910, subd. 1; the averment being that the "tank" was defective, though in count 3 there is an allegation that the tank (connected with pipe and valve), later averred to be defective, was used to contain explosive gases produced by ammonia. The pleas set up the general issue and contributory negligence on the part of intestate, who was shown to have been in charge of the plant on this occasion. The review is confined to the only four errors assigned, the subjects of which are indicated in the opinion.

Two theories appear to have been entertained by the plaintiff as conducing to the establishment of the single subject of defect averred in counts 1 and 3. They were: First, that there should have been attached to the tank or receiver a "pop or safety valve," similar in function to that commonly applied or used on steam boilers, etc., there being evidence to the effect that the refrigerating process, through the use of ammonia produced a gas pressure that, if unrelieved automatically or by hand, would likely, if not certainly, attain a pressure sufficient to destroy the container; and, second, that the tank, averred to have been defective, was not originally well riveted or contrived to withstand the pressure, or that it had become weakened by time or otherwise, the rivet heads having fallen off as the result of age or corrosion.

[1] The latter theory, the second, entirely depends for its support upon the testimony of the witness Bibb, who shortly after the explosion repaired a container. It is insisted in brief for the appellant that the tank or container Bibb repaired was not the ammonia receiver, tank, or container that exploded; that the receptacle Bibb worked on was a water tank or container. From segregated, disassociated, parts of Bibb's testimony it would appear that this witness had reference to an ammonia tank or receiver; but a careful consideration, by the sitting members of this court, of the testimony of Bibb, discloses unmistakably, we think, that the container to which he had reference was a water tank, not an originally completely closed ammonia tank, a container that was "open" on one side, and, if so, was not of course, the tank that exploded from internal pressure. However if it is assumed that Bibb's testimony left in doubt the matter of the character of the receptacle about which he testified, so as to require the submission of this phase of the issue to the jury, the other evidence before the court was abundant to exclude and remove the possibility of any reasonable doubt in the premises, within the exacting rule of Cobb v. Malone, 92 Ala. 630, 635. 9 South. 738. The trial court should, in deciding the question presented by the motion for

new trial, have concluded that there was no sufficient support for a conclusion by the jury that the ammonia tank that exploded was defective because of original defective construction, or had become so because of age or corrosion.

[2] The other theory, stated first ante, involves different considerations, and invites a different conclusion. Its gist is the negligent (under subdivision 1 of section 3910 of the Code) omission to supply such a tank or container with an automatic valve (instead of, or in addition to, another to be presently mentioned) to relieve increasing pressure from the accumulating gases generated by the process in operation. The evidence was conclusive to the effect that a "king valve," to be operated by hand, was attached to this container, and that relief against attained pressure could be had by opening the "king valve." So the point of the contention under this theory was that just above set down. The undisputed evidence went to show that no such automatic relief valve was ever attached to or used upon such a container or tank; experts, introduced by both parties, testifying that, while such an automatic appliance could be employed, they had never seen one so supplied or used. There was no evidence that other well-regulated and prudently operated refrigerating plants supplied or had in use an automatic valve to relieve pressure upon ammonia tanks in a system like this—a system that installed and used standard machinery in the process pursued.

While a master is only required to exercise reasonable care in furnishing suitable and safe machinery, etc., for the use of employés (Prattville Cotton Mills v. McKinney, 178 Ala. 554, 567, 568, 59 South. 498; Caldwell, etc., Co. v. Watson, 183 Ala. 326, 62 South. 859, among others), and, according to these authorities and others preceding them, is not obliged to install or use every new invention, or the best possible appliances, yet the question is for the jury to decide whether the measure of care the law exacts has been met by the particular master in the particular circumstances, where as here, there was evidence from which the jury might reasonably conclude that the absence of such automatic safety valve (instead of, or in addition to, the "king valve" mentioned, to relieve against the consequences of accumulating gases, pressure in a continuing process) was a defect in the condition of such a system, or in an ammonia tank as a unit of such a system. Davis v. Kornman, 141 Ala. 479, 493, 37 South. 789, treating special charge H. The pertinent doctrine of Davis v. Kornman, supra, has been more recently approved in the McKinney and Watson Cases, noted above. The court did not, therefore, err in refusing the general affirmative charge requested for defendant (appellant), nor, under the rule of Cobb v. Malone, supra, in overruling the motion for new trial.

[3, 4] The report of the appeal will reproduce the two special requests for instructions (numbered 13 and 14) set out in assignments of error 3 and 4. The action of the court in refusing the former (13) may be justified on these, if not other grounds: (a) That it did not predicate its conclusion of nonliability upon contributory negligence pleaded, the explanatory phrases following the word "whether" not at all limiting the negligence there mentioned to that pleaded; (b) that the oral charge of the court sufficiently, substantially, covered the subject of this refused charge, the court instructing the jury that, if intestate was guilty of "any" negligence, the plaintiff was not entitled to recover, an expression that comprehended "any degree" of contributory negligence.

[5, 6] The other refused charge (14) was involved, if not more seriously faulty, when read in connection with the fact that the burden of proof rested on the defendant to establish the contributory negligence pleaded; whereas, the negative statement of that phase of that issue was made in this request (14). The oral charge of the court was quite clear on this particular feature of the contest.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.