913 So.2d 1070 (2005)
FOX ALARM COMPANY, INC.
v.
Claude WADSWORTH.
Claude Wadsworth
v.
Fox Alarm Company, Inc.
1020994 and 1021031.
Supreme Court of Alabama.
January 14, 2005.
Opinion Overruling Second Application for Rehearing May 27, 2005.
*1072 John S. Plummer and Jason J. Baird of Slaten & O'Connor, P.C., Montgomery, for appellant/cross-appellee Fox Alarm Company, Inc.
Anthony B. Johnson of Hellums & Johnson, L.L.C., Centreville, for appellee/cross-appellant Claude Wadsworth.

On Application For Rehearing
SEE, Justice.
This Court's no-opinion affirmance of April 30, 2004, is withdrawn and the following opinion is substituted therefor.
Fox Alarm Company, Inc., appeals from a denial by the trial court of its postverdict motion for a judgment as a matter of law ("JML"). On appeal, Fox Alarm also questions the trial court's overruling Fox Alarm's objection to a jury instruction on damages and a ruling allowing two lay witnesses to testify as to what Fox Alarm argues is the ultimate issue in the case (case no. 1020994). Claude Wadsworth cross-appeals the JML in favor of Fox Alarm on Wadsworth's claim of wantonness (case no. 1021031). We affirm in part, reverse in part, and remand with directions as to case no. 1020994; we dismiss the appeal in case no. 1021031.

I.
Fox Alarm was employed to monitor the alarm system at George's Auto Parts, a business owned by Wadsworth. At 9:17 p.m. on March 8, 1999, Fox Alarm received a signal indicating that one of the rear doors of the business or the outside siren had been tampered with. Fox Alarm telephoned Wadsworth to inform him of the signal and told him that if Fox Alarm needed him it would call him back. Fox Alarm also informed the police of this signal. The alarm signaled again at 9:46 p.m., 9:54 p.m., 10:02 p.m., and 10:10 p.m. These later signals indicated that someone had set off the motion detectors inside the building. Fox Alarm's dispatcher decided not to inform the police or Wadsworth of these signals because she had telephoned the police after she received the first signal, and she believed that the later signals were caused by the police checking the building. Fox Alarm logged these signals as repeat signals. The police investigated the building after the first alarm; however, they could not investigate the rear of the building because it was surrounded by a large fence.
At 2:18 a.m. the alarm system at George's Auto Parts signaled an entry to the buildinga left- and a right-rear motion alarm. The dispatcher telephoned the business twice and telephoned the police department again. At 2:21 a.m. the front motion detector and the fire-heat detector alarmed. Fox Alarm notified the police of the fire alarm because it was different from the other alarms. At 2:48 a.m. the police informed Fox Alarm that the building was on fire. At 3:30 a.m. the police telephoned Fox Alarm in an effort to find someone who had a key to the building. Fox Alarm could not reach Wadsworth or anyone on the contact list for George's Auto Parts. Fox Alarm then accessed Wadsworth's home account and telephoned the people on that list. Fox Alarm eventually *1073 spoke with Wadsworth's brother, John, who said that he would try and get the local police to go to Wadsworth's house to tell him of the fire. The entire building from which George's Auto Parts operated was destroyed by the fire. Wadsworth conducted an inventory after the fire and reported the following items missing: 10 to 17 transmissions, a welding machine, burning outfits, and other miscellaneous tools and equipment. The items were apparently taken during a burglary, and the fire was started to cover the burglary. The persons responsible for the burglary and arson were apprehended and prosecuted.
Wadsworth sued Fox Alarm alleging fraud, negligence, wantonness, and breach of contract. Fox Alarm moved for a summary judgment as to the fraud, negligence and breach-of-contract claims.[1] Wadsworth opposed the summary-judgment motion as to the negligence and breach-of-contract claims, but he admitted that a summary judgment was proper as to the fraud claim. The trial court entered a summary judgment as to the fraud claim and denied the summary-judgment motion as to the negligence and breach-of-contract claims.
The case went to trial on the negligence, breach-of-contract, and wantonness claims. At the close of Wadsworth's case, Fox Alarm moved for a JML[2] as to the negligence, breach-of-contract, and wantonness claims. The trial court granted Fox Alarm's motion on the wantonness claim, but denied it as to the negligence and breach-of-contract claims. Wadsworth moved for a JML as to Fox Alarm's argument, raised in its answer, that the alarm-monitoring agreement between it and Wadsworth ("the contract") contained a limitation-of-liability clause that limited its damages to $250. The trial court did not rule on the motion. At the close of all the evidence, Fox Alarm renewed its motion for a JML as to the negligence and breach-of-contract claims, and the trial court denied that motion. The trial court, however, dismissed the breach-of-contract claim at Wadsworth's request.
The trial court instructed the jury that if it found for Wadsworth on the remaining negligence claim, it needed to decide on an amount of compensatory damages. Fox Alarm objected to the jury instruction regarding compensatory damages, arguing that the contract limited damages to $250. The jury found in favor of Wadsworth and against Fox Alarm and awarded Wadsworth damages in the amount of $200,000.[3]
Fox Alarm appeals the trial court's denial of its motion for a JML on Wadsworth's negligence claim and also raises issues regarding the trial court's overruling of Fox's objection to the damages instruction and the trial court's ruling permitting Wadsworth's two lay witnesses to testify regarding the ultimate issue in the case. Wadsworth cross-appeals the trial court's JML in favor of Fox Alarm on his wantonness claim.

*1074 II.
Fox Alarm argues that the trial court erred in denying its preverdict motion for a JML as to Wadsworth's negligence and breach-of-contract claims. Wadsworth responds that Fox Alarm has not preserved the issue for review because, he argues, Fox Alarm did not renew its motion for a JML after the verdict. This Court stated in Sears, Roebuck & Co. v. Harris, 630 So.2d 1018, 1025 (Ala.1993), that a preverdict motion for a JML "`must be made at the close of all the evidence and that a timely [postverdict motion for a JML] must be subsequently made before an appellate court may consider on appeal the insufficiency-of-evidence issue directed to the jury's verdict.'" We explained in Clark v. Black, 630 So.2d 1012, 1016 (1994), that "the unsuccessful movant's failure to present the trial court with an opportunity to revisit the sufficiency of the evidence issue in [a postverdict motion for a JML] precludes appellate reversal of the denial of the [preverdict motion for a JML]."
Fox Alarm moved for a JML at the close of Wadsworth's case and again at the close of all the evidence. At the close of Wadsworth's case, Fox Alarm's attorney stated:
"Judge, at this time I would like to move for a directed verdict[[4]] as to the negligence charge. There has not been a witness who has offered any testimony as to what the standard in this industry with regards to people monitoring alarm systems, nor has there been any testimony"
At the close of all of the evidence, Fox Alarm's attorney stated: "I would like to renew my motionyou have already ruled on my motion for a directed verdict as to wantonness. I would like to renew my request for a directed verdict with regard to the negligence." However, Fox Alarm did not move for a JML after the verdict was entered. Therefore, Fox Alarm did not preserve for review its claims regarding the sufficiency of the evidence.
Fox Alarm argues in its principal brief that the evidence was insufficient to hold it liable for negligence and that its motion for a JML should have been granted because, it argues: (1) Wadsworth cannot prove that Fox Alarm owed him a duty, (2) assuming that Fox Alarm owed Wadsworth a duty, the contract exculpated Fox Alarm, (3) Wadsworth cannot establish that his losses were caused by Fox Alarm's alleged negligence, and (4) the outcome would have been the same if Fox Alarm had notified the police of the repeat alarms. In its reply brief, Fox Alarm argues for the first time that the first two of these arguments present legal issues rather than sufficiency-of-the-evidence issues, and that, therefore, Fox Alarm did not waive them on appeal by its failure to renew its motion for a JML after the verdict was entered. Barnes v. Dale, 530 So.2d 770, 777 (Ala.1988), rev'd on other grounds, 581 So.2d 479 (1990).
Fox Alarm, however, did not present these arguments to the trial court. Ex parte Linnell, 484 So.2d 455, 457 (Ala. 1986)("a lower court will not be put in error for failure to rule on a matter which was not presented to it or decided by it"). Fox Alarm argued to the trial court in its motions for a summary judgment and for a preverdict JML only that its conduct was reasonable under the circumstances and that Wadsworth had failed to present any evidence indicating what actions were required by the alarm-monitoring-industry standards.
Fox Alarm asserts for the first time on appeal that as a matter of law it *1075 did not owe Wadsworth a duty and that, even if it did, the contract exculpated Fox Alarm. In its principal brief, Fox Alarm presents these arguments as sufficiency-of-the-evidence arguments; only in its reply brief does Fox Alarm argue that the questions whether it owed Wadsworth a duty, and, if so, whether the contract exculpated Fox Alarm, are questions of law that did not need to be preserved by a postjudgment motion for a JML. Arguments made for the first time in a reply brief will not be addressed on appeal. Goodyear Tire & Rubber Co. v. Washington, 719 So.2d 774, 778 (Ala.1998). Therefore, we hold that Fox Alarm did not preserve for appeal its arguments that it did not owe Wadsworth a duty and that, even if it did, the contract exculpated Fox Alarm.
Fox Alarm argues that, even if this Court concludes that the jury properly found it liable for negligence, the damages awarded by the jury should be limited to $250 because the contract contained an express limitation-of-liability clause. Wadsworth responds, without citing authority, that Fox Alarm failed to raise this issue in the trial court and therefore that this Court should not consider the issue whether the limitation-of-liability clause is applicable.
In its motion for a summary judgment, Fox Alarm argued that the contract limited Wadsworth's recovery to the amount specified under the contract. Fox Alarm further argued that, while this Court has not decided the validity of a limitation-of-liability clause identical to the one in the contract, other jurisdictions have held that such a clause is enforceable. See Leon's Bakery, Inc. v. Grinnell Corp., 990 F.2d 44 (2d Cir.1993), and D.L. Lee & Sons, Inc. v. ADT Sec. Sys., Mid-South, Inc., 916 F.Supp. 1571 (S.D.Ga.1995). When Wadsworth moved for a preverdict JML as to the limitation-of-liability clause, Fox Alarm argued that the clause should be enforced in this case because of the difficulty of predicting damages.[5] Fox Alarm also raised this issue during its cross-examination of Wadsworth, at the beginning of the charge conference, and again after the trial court had read the oral charge to the jury. At the beginning of the charge conference, counsel for Fox Alarm stated, "Judge, I would object to any charge on damages in this claim pursuant to my earlier discussion regarding the punitive damages or liquidated damage claim in the contract." After the charge was read to the jury, Fox Alarm's trial counsel stated, "I would like to renew my objection to any charge on the issue of damages because of the liquidated damages part of the contract." We conclude that Fox Alarm preserved this issue for review.[6]
Wadsworth argues that the limitation-of-liability clause is ambiguous and unconscionable, and he cites Ex parte *1076 Palm Harbor Homes, Inc., 798 So.2d 656 (Ala.2001), for the proposition that any ambiguity must be construed against the drafter of the contractFox Alarm. At trial, Wadsworth did not argue that the contract was ambiguous or unconscionable; he argued that Fox Alarm had not met its burden of proving that the limitation-of-liability clause was valid under Camelot Music, Inc. v. Marx Realty & Improvement Co., 514 So.2d 987, 990 (1987)(setting out the criteria for determining whether a limitation-of-liability clause is valid or is a penalty provision that is void as against public policy). This Court will not consider an argument raised for the first time on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).
In Fleming Farms v. Dixie AG Supply, Inc., 631 So.2d 922 (Ala.1994), this Court stated that once the party seeking to enforce a limitation-of-liability clause makes a prima facie showing that the clause is not unconscionable, the burden shifts to the plaintiff to present substantial evidence to the contrary. This Court concluded in that case that the plaintiffs had failed to meet their burden and held, therefore, that the limitation-of-liability clause was not unconscionable. 631 So.2d at 926. Similarly, in this case, Fox Alarm made a prima facie showing that the limitation-of-liability clause is not ambiguous or unconscionable, and Wadsworth did not present evidence to refute that showing.[7]
Wadsworth argues that Fox Alarm did not meet its burden under Morgan v. South Central Bell Telephone Co., 466 So.2d 107 (Ala.1985), of showing that the limitation-of-liability clause is enforceable. Wadsworth's reliance on Morgan, however, is misplaced. In Morgan, this Court addressed exculpatory clauses and set out a six-part test for analyzing the validity of such clauses. 466 So.2d at 117. An exculpatory clause "reliev[es] a party from liability resulting from a negligent or wrongful act." Black's Law Dictionary 608 (8th ed.2004). At issue in this case, however, is a limitation-of-liability clause, not an exculpatory clause. Thus, Wadsworth's reliance on Morgan is misplaced.
The limitation-of-liability clause found in the contract states, in pertinent part:
"It is impractical and extremely difficult to fix the actual damages, if any, which may proximately result from the failure on the part of [Fox Alarm] to perform any of its obligations hereunder: therefore should [Fox Alarm] be found liable for loss, damage, or injury due to a failure of service or equipment in any respect, its liability shall be limited to a sum equal to the monitoring charge hereunder for a period of service not to exceed (6) months or $250.00 (whichever is greater) as agreed upon damages and not as a penalty, as the exclusive remedy: and the provisions of this paragraph shall apply if loss, damage or injury, irrespective of cause or origin, results directly or indirectly to person or property from the performance or obligator [sic] imposed by this Agreement."
Wadsworth states that the limitation-of-liability clause is ambiguous because it is unclear whether it applies to Fox Alarm's alleged failure to adequately monitor the alarm signals at George's Auto Parts on *1077 the night of the alleged burglary and fire. However, the clause states that it expressly applies to a "loss, damage, or injury due to a failure of service or equipment...." The limitation-of-liability clause unambiguously applies to Fox Alarm's alleged failure to monitor the alarm system.
This Court has held that a provision in a sales agreement limiting a seller's liability is enforceable. Puckett, Taul & Underwood, Inc. v. Schreiber Corp., 551 So.2d 979, 983 (Ala.1989). See also Delta Air Lines, Inc. v. Barnard, 799 So.2d 208, 214-15 (Ala.Civ.App.2001)(holding that a limitation-of-liability provision in an airline ticket limited Delta's liability for lost golf clubs to $1,250). Moreover, this Court has held that "`limitations on damages that may be recovered are not, per se, against public policy.'" Sears Termite & Pest Control, Inc. v. Robinson, 883 So.2d 153, 156 (Ala.2003)(quoting Leonard v. Terminix Int'l Co., 854 So.2d 529 (Ala.2002)).
We also note that the United States Court of Appeals for the Second Circuit, in Leon's Bakery v. Grinnell Corp., 990 F.2d 44 (2d Cir.1993), upholding a limitation-of-liability provision in a contract for the installation of a fire alarm, stated, "Apparently a greater number of courts have been concerned with the enforceability of such clauses in contracts for the installation and servicing of burglar alarm systems, and those courts have similarly upheld clauses limiting liability for the failure of such systems." 990 F.2d at 48. See also E.H. Ashley & Co. v. Wells Fargo Alarm Servs., 907 F.2d 1274, 1276 (1st Cir.1990); Nahra v. Honeywell, Inc., 892 F.Supp. 962, 965 (N.D.Ohio 1995). The United States District Court for the Southern District of Georgia similarly stated, "Limitation of liability clauses involving fire and burglar alarms are commonly ruled enforceable by courts." D.L. Lee & Sons, Inc., 916 F.Supp. at 1582. We agree, and we hold that the limitation-of-liability clause found in the contract is enforceable and that the trial court erred when it refused to limit Fox Alarm's damages to $250 and twice overruled Fox Alarm's objections to the instruction on damages.
Fox Alarm raises two arguments concerning the testimony of Officer Ronald Brown and Sgt. Larry Waldrop of the Bessemer Police Department. First, Fox Alarm argues on appeal that the trial court should not have allowed Officer Brown and Sgt. Waldrop to testify as experts because, Fox Alarm argues, the officers are not qualified as experts in monitoring burglar and fire alarms. Fox Alarm further argues that, although Rule 701, Ala. R. Evid., allows a lay witness to testify as to his opinion, that testimony is limited to inferences that are rationally related to that witness's perception. Fox Alarm argues that Officer Brown and Sgt. Waldrop do not have firsthand knowledge of facts on which to base their opinions. See 1 Charles Gamble, McElroy's Alabama Evidence § 127.01(3)(5th ed.1996). Contrary to Fox Alarm's argument, the officers' testimony was not admitted as lay-opinion testimony pursuant to Rule 701, Ala. R. Evid. However, the record in this case establishes that the police officers' testimony was properly admitted as expert testimony in the field of investigating burglaries.[8] Officer Brown has served on the *1078 Bessemer Police Department for over 23 years, is currently in charge of the Department's criminal investigation division, and has attended seminars on how to investigate burglaries. Similarly, Sgt. Waldrop has worked for the Bessemer Police Department for 24 years and has served as the detective sergeant in charge of investigating burglaries. An expert witness qualified "by knowledge, skill, experience, training, or education" may testify in the form of an opinion. Rule 702, Ala. R. Evid. Moreover, "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived or made known to the expert at or before the hearing." Rule 703, Ala. R. Evid. We conclude that the trial court properly allowed the officers' expert testimony. See Rules 702 and 703, Ala. R. Evid.
Second, Fox Alarm argues that the trial court erred when it allowed Sgt. Waldrop to testify that Fox Alarm should have telephoned the police department to advise the police of the repeat alarm at 9:46. Fox Alarm argues that the trial court's allowing this testimony constituted opinion testimony as to the ultimate issue in the case. See Rule 704, Ala. R. Evid. ("Testimony in the form of an opinion or inference otherwise admissible is to be excluded if it embraces an ultimate issue to be decided by the trier of fact.").
Sgt. Waldrop testified, in pertinent part:
"Q. If Fox Alarm got a door tamper [signal] and siren tamper at 9:17 and called and let the police know that and then they got a motion call alarm approximately 30 minutes later, actually four of them at about 10-minute intervals, give or take, as a patrolman on the scene, would you want to know this information?
"A. Yes, sir, I believe I would.
"Q. And in your opinion should they call y'all and tell the dispatcher that we got a motion.
"MR. CROWSON: Objection, your Honor, not qualified to answer that.
"THE COURT: Overruled.
"Q. You can answer.
"A. Will you repeat it?
"Q. Should Fox Alarm call y'all and tell you if they get motion following a door tamper?
"MR. CROWSON: Same objection.

*1079 "THE COURT: Overruled.
"A. I would think so, yes, sir."
Fox Alarm argues that Sgt. Waldrop's testimony suggestsdirectly or indirectly that Fox Alarm had a duty to report the March 8, 1999, repeat alarms to the Bessemer Police Department. We do not understand Sgt. Waldrop's testimony as stating that Fox Alarm owed Wadsworth a legal duty to call in the alarm to the Bessemer Police Department. Rather, Sgt. Waldrop's testimony was offered in the context of his experience as an officer who investigates burglaries. He would have wanted to know about the repeat alarms and, in his opinion, Fox Alarm should, therefore, have telephoned the police department when it detected the motion alarms. We hold that the trial court did not improperly admit Sgt. Waldrop's testimony.
We also note that even if the officers' testimony does go to an ultimate issue in this case, the Advisory Committee's Notes to Rule 704, Ala. R. Evid., state, "There is no intent that adoption of Rule 704 should abrogate preexisting case law liberalizing the application of the ultimate issue rule."[9] "The trend of the Alabama appellate courts is to allow expert testimony as to an `ultimate issue' if that testimony would aid or assist the jury." Travis v. State, 776 So.2d 819, 849 (Ala. Crim.App.1997), aff'd, 776 So.2d 874 (Ala. 2000); 1 Charles Gamble, McElroy's Alabama Evidence § 127.02(6)(5th ed.1996). "The touchstone of admissibility now appears to be that of whether the expert's opinion will aid or assist the trier of fact [Ala. R. Evid. 702]." Charles W. Gamble, Gamble's Alabama Rules of EvidenceA Trial Manual for Making and Answering Objections § 704 (2d ed.2002). We conclude that the trial court did not exceed its discretion in allowing the testimony of Officer Brown and Sgt. Waldrop.
Finally, Fox Alarm argues that because its contract with Wadsworth reserved to Fox Alarm the right to cancel any alarm it believed to be false, the officers' opinions were irrelevant. See Rule 402, Ala. R. Evid. Whether to admit evidence based on its relevance is a question within the sound discretion of the trial court, and its decision will not be overturned on appeal absent an indication that it has exceeded its discretion. Bowers v. Wal-Mart Stores, Inc., 827 So.2d 63, 71 (Ala.2002). We cannot say that the trial court exceeded its discretion in admitting the officers' expert testimony. The officers' testimony was relevant to Wadsworth's negligence claim.

III.
Wadsworth cross-appeals, arguing that the trial court erred in entering a JML in favor of Fox Alarm on Wadsworth's wantonness claim.[10] In McKenzie *1080 v. Killian, 887 So.2d 861, 871 (Ala.2004), this Court, quoting Alfa Mutual Insurance Co. v. Roush, 723 So.2d 1250, 1256 (Ala.1998), stated:
"`"Wantonness" has been defined by this Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. Bozeman v. Central Bank of the South, 646 So.2d 601 (Ala. 1994). To prove wantonness, it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff.'"
The record does not indicate that Fox Alarm consciously did some act or omitted to do some duty. Wadsworth had the burden of presenting substantial evidence indicating that Fox Alarm acted wantonly. See Alabama Dep't of Transp. v. Land Energy, Ltd., 886 So.2d 787, 791-92 (Ala. 2004)("the nonmovant must present substantial evidence to withstand a JML"). Wadsworth argues that "Fox Alarm intentionally followed [its] policy of `no action' in response to subsequent motion alarms even though [it] admitted there were different alarms and acknowledged that the information in [its] possession could have indicated a burglary in progress"; however, the record does not indicate that Wadsworth presented any evidence indicating that Fox Alarm was conscious that injury would "likely or probably result" from its failure to inform the police of repeat alarms. Evidence showing that the series of alarms could have indicated a burglary in progress and that Fox Alarm failed to inform the police of the repeat alarms is not the same as evidence showing that Fox Alarm was conscious that injury would likely result. To the contrary, the evidence indicates that Fox Alarm telephoned the police after receiving the first alarm and that its dispatcher believed that the alarms following the first alarm were caused by the police responding to its call. Viewing the evidence in the light most favorable to Wadsworth, we conclude that Wadsworth did not present substantial evidence of wantonness. Therefore, Wadsworth's cross-appeal is dismissed.

IV.
We affirm the judgment of the trial court as to Wadsworth's negligence claim. However, we hold that Wadsworth's contract with Fox Alarm limited Fox Alarm's liability to $250; therefore, we reverse the judgment insofar as it awarded Wadsworth $200,000 and remand this case to the trial court to limit the damages awarded to Wadsworth to $250. We dismiss Wadsworth's cross-appeal.
1020994APPLICATION GRANTED; NO-OPINION AFFIRMANCE OF APRIL 30, 2004, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
1021031APPLICATION GRANTED; NO-OPINION AFFIRMANCE OF APRIL 30, 2004, WITHDRAWN; OPINION *1081 SUBSTITUTED; APPEAL DISMISSED.
NABERS, C.J., and HOUSTON, BROWN, and STUART, JJ., concur.
LYONS, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur in part and dissent in part.
LYONS, Justice (concurring in part and dissenting in part).
I concur in all aspects of the main opinion except insofar as it reverses the damages award entered by the trial court, holding "the trial court erred when it refused to limit Fox Alarm's damages to $250 and twice overruled Fox Alarm's objections to the instruction on damages." 913 So.2d 1077 (emphasis added). Fox Alarm never requested an instruction limiting its damages to $250. The main opinion concludes that Fox Alarm preserved for review the trial court's error in not enforcing the limitation-of-liability clause in the contract. However, the trial court's ruling was based on its erroneous conclusion as to the mootness of the question whether the clause applied. Fox Alarm never called the trial court's attention to the error of that conclusion.
In its answer, Fox Alarm asserted as an affirmative defense the availability of a contractual limitation-of-liability clause limiting damages to the sum of $250. Wadsworth moved for a preverdict judgment as a matter of law as to this issue, contending that Fox Alarm had not sustained its burden of proof. The trial court declined to rule on the motion at that stage of the proceedings, stating, "I will rule on this, not right now."
At the charge conference, Wadsworth voluntarily dismissed his breach-of-contract claim. At that juncture, the trial court stated that the dismissal of the breach-of-contract claim mooted Wadsworth's motion for a judgment as a matter of law on the liquidated-damages claim. That conclusion was erroneous because the defense should have been allowed as to all of the claims, regardless of whether Wadsworth elected to forgo his contract claim. Nevertheless, the trial court, having erroneously concluded that the voluntary dismissal of the breach-of-contract claim dispensed with Fox Alarm's right to insist on the limitation of liability as a matter of law, noted that Fox Alarm could merely argue to the jury that the contract contained such a clause.
Fox Alarm, instead of pointing out that the dismissal of the breach-of-contract claim did not render moot the question whether Fox Alarm was entitled to insist upon its liquidated-damages claim, compounded the confusion by objecting to "any charge on damages in this claim pursuant to my earlier discussion regarding the punitive damage or liquidated damage claim in the contract." If the trial court had agreed with Fox Alarm and refused to give the jury any charge on damages, Wadsworth would have been deprived of his right to seek damages in at least the amount of $250 and, on proper objection, a judgment based on that ruling would have to be reversed. The trial court, under the impression that the issue raised by the presence of the limitation-of-liability clause in the contract was now moot, thereafter charged the jury that if it found Wadsworth suffered injury or damage as a result of Fox Alarm's negligence, it should award damages measured by the loss suffered by Wadsworth. Fox Alarm again objected "to any charge on the issue of damages because of the liquidated damages part in the contract." From this statement the trial court was made aware that Fox Alarm continued to insist on the applicability of the limitation-of-liability clause. However, no ground was stated *1082 that would have alerted the trial court to its fundamental error in concluding that Wadsworth's voluntary dismissal of the breach-of-contract claim somehow mooted the issue of the limitation-of-liability clause. Rule 51, Ala. R. Civ. P., states, "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless that party objects thereto before the jury retires to consider its verdict, stating the matter objected to and the grounds of the objection." (Emphasis added.) The main opinion erroneously accepts as sufficient Fox Alarm's statement of grounds for its objection, although Fox Alarm, by insisting that no instruction on damages be given, would have led the trial court into error had the court accepted Fox Alarm's ground of objection and given no instruction on damages.
I am not satisfied with the applicability of the harmless-error rule on the basis that surely the trial court was fully apprised of Fox Alarm's position and that further explanation would have made no difference in how the trial court ruled on this issue. The trial court had erroneously concluded that the dismissal of the breach-of-contract claim mooted the question whether the liquidated-damages claim was available and Fox Alarm never pointed out the error of that conclusion in any statement of its grounds. Had Fox Alarm done so and, in so doing, requested an instruction limiting the damages to $250, and the trial court thereafter refused to give such an instruction, I would be able to join an opinion reversing the trial court's judgment for failing to give such an instruction. I must respectfully dissent from that part of the main opinion that reverses the damages award entered on the jury verdict and limits the damages to $250 pursuant to the limitation-of-liability clause in the contract.
WOODALL, J., concurs.
JOHNSTONE, Justice (concurring in part and dissenting in part).
I join in Justice Lyons's special writing, except that I express no opinion on whether Fox Alarm would be entitled to relief if it had sufficiently requested a jury charge invoking the limitation-of-liability clause. Since Fox Alarm did not ask for any such instruction but only objected to "any charge on damages" and "any charge on the issue of damages," Fox Alarm is not due any relief. The objections interposed by Fox Alarm were themselves illegal because "[i]t is error for the trial court to leave the jury ... without instructions as to the proper measure of damages to be used in arriving at its verdict. Russell v. Thomas, 278 Ala. 400, 178 So.2d 556 [(Ala. 1965)]." Cunningham v. Lowery, 45 Ala. App. 700, 708, 236 So.2d 709, 717 (1970).
HARWOOD, J., concurs.
HARWOOD, Justice (concurring in part and dissenting in part).
I concur in Justice Lyons's special writing, except that portion as to which Justice Johnstone elects in his special writing to express no opinion; I join Justice Johnstone's special writing in that respect.

On Second Application for Rehearing
SEE, Justice.
SECOND APPLICATION OVERRULED; OPINION OF JANUARY 14, 2005, MODIFIED.
NABERS, C.J., and STUART, SMITH, and BOLIN, JJ., concur.
LYONS, HARWOOD, WOODALL, and PARKER, JJ., dissent.
*1083 PARKER, Justice (dissenting).
I dissent as to the overruling of the application for rehearing. I write further to note that, had I been on the Court when the original opinion was issued on January 14, 2005, I would have joined Justice Lyons's special writing concurring in part and dissenting in part.
NOTES
[1] Fox Alarm did not move for a summary judgment with respect to the wantonness claim, which it argues was not properly pleaded.
[2] Fox Alarm actually moved for a "directed verdict"; however, "Rule 50(a), Ala. R. Civ. P., now designates a motion for a directed verdict as a motion for a judgment as a matter of law, and Rule 50(b) now designates a motion for a JNOV as a renewed motion for a judgment as a matter of law." Ex parte Liberty Nat'l Life Ins. Co., 797 So.2d 457, 462 (Ala.2001).
[3] Although Frank Love and Carolyn Love, who along with Stephen Hicks owned Fox Alarm, were originally included as defendants, the verdict was against Fox Alarm alone.
[4] See supra note 2.
[5] Wadsworth voluntarily dismissed his breach-of-contract claim; however, the limitation-of-liability clause is not limited to specific claims.
[6] "No party may assign as error the giving or failing to give a written instruction, or giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless that party objects thereto before the jury retires to consider its verdict, stating the matter objected to and the grounds of that objection." Rule 51, Ala. R. Civ. P.; see also Fraser v. Reynolds, 588 So.2d 442, 445 (Ala.1990) (stating that this Court will review the trial court's jury charge when that charge has been timely objected to and the objection has been overruled by the trial court, or the trial court has refused to give a requested written instruction). In this case, Fox Alarm twice objected and stated the matter objected tothe trial court's charge on damages. Fox Alarm also stated the grounds for its objectionsthe limitation-of-liability clause. The trial court overruled those objections.
[7] Wadsworth testified at trial that he did not read the contract with Fox Alarm before he signed it. However, when Fox Alarm read the limitation-of-liability clause to Wadsworth at trial, it then asked him, "You acknowledged that Fox Alarm was not an insurer and didn't insure your property, and that if there was a problem or any damages arose, $250 was the amount agreed upon as damages; is that correct?" Wadsworth responded, "Yes, sir."
[8] Specifically, Fox Alarm objects to the following testimony from Officer Brown:

"Q. Captain Brown, let me show you. We have [9:17]. We have a left door, right side and siren tamper call. Now what does this tell you as a police officer?
"MR. CROWSON [Fox Alarm's attorney]: Objection, Your Honor. That's a call log on a burglary alarm. He's not qualified to read a log report in that manner. He is certainly not an expert on alarm systems or a monitoring system.
"THE COURT: Overruled. He can give his impression of what that means to him.
"A. That indicates, would indicate to the police department that there is possibly some tampering with the left side door.
"Q. Okay. And at 9:46 roughly, not quite 30 minutes later, the alarm comes in, burglary left rear and right rear motion. What does that tell you as an officer?
"A. That tells me there is some movement going on in the area, more so than just a door being tampered with.
"Q. Captain Brown, in this case, a little less than 10 minutes later we have additional motion alarms. At 10:02 we have additional motion alarms, at 10:10 another motion alarm. What does this tell you in conjunction with a door or siren tamper followed by four motion alarms? Does thatwhat does that tell you?
"MR. CROWSON: Objection, Your Honor, same. He is not an expert on monitoring alarms. He can give whatever his impression is, but he certainly cannot give his opinion.
"THE COURT: Overrule the objection. He can answer.
"A. I would assume that there is some intrusion into the building with that much motion.
"Q. Would you assumeis there anything in this fact situation that would lead you to assume that this is a false call?
"MR. CROWSON: Objection, Your honor. He's not qualified to give that opinion.
"THE COURT: Overruled.
"A. No. I would definitely think there is a person inside of that building. That would be my assumption."
[9] See Eubanks v. Hale, 752 So.2d 1113, 1145 (Ala.1999)(permitting expert opinion as to handwriting based upon comparison samples); Tims v. State, 711 So.2d 1118, 1125 (Ala.Crim.App.1997)(permitting expert testimony as to defendant's intoxication); CSX Transp., Inc. v. Dansby, 659 So.2d 35 (Ala.1995)(allowing audiologist's opinion testimony that railroad employee's exposure to noise levels on trains was cause of employee's hearing loss); Williamson v. Stephens, 577 So.2d 1272 (Ala.1991)(allowing owner in a conversion action to testify as to the value of his property); Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1971)(permitting expert testimony as to defendant's alleged insanity); Caldwell-Watson Foundry & Mach. Co. v. Watson, 183 Ala. 326, 62 So. 859 (1913)(allowing expert testimony that hydraulic press was defective).
[10] There is some dispute whether Wadsworth properly pleaded wantonness. Count II of Wadsworth's complaint is labeled "negligence." However, Wadsworth alleged that Fox Alarm "breached said duty by negligently and/or wantonly failing to notify the police in a timely manner" and that "[a]s a result of said negligent and/or wanton conduct on the part of [Fox Alarm], [Wadsworth] suffered severe damages...." (Emphasis added.) "`"It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala. R. Civ. P...."'" Pratt Capital, Inc. v. Boyett, 840 So.2d 138, 142 (Ala.2002)(quoting Bay Lines, Inc. v. Stoughton Trailers, Inc., 838 So.2d 1013 (Ala.2002)). Rule 8(f), Ala. R. Civ. P., provides, "All pleadings shall be so construed so as to do substantial justice." Furthermore, Fox Alarm did not raise in the trial court the issue of the sufficiency of Wadsworth's pleadings. This Court will not consider issues raised for the first time on appeal. Crews v. Herman Maisel & Co., 524 So.2d 980, 983 (Ala.1988).